9 F.3d 978
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert W. KEARNS, Plaintiff/Cross-Appellant,
v.
CHRYSLER CORPORATION, Defendant-Appellant.
 Nos. 93-1450, 93-1470.
 United States Court of Appeals, Federal Circuit.
 Sept. 22, 1993.
 
 DISMISSED IN PART.
 ON MOTION
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Robert W. Kearns (1) moves to add "American Motors Corporation" as a defendant-appellant, (2) moves to dismiss Arnold, White and Durkee's appeal as untimely, and (3) gives notice pursuant to Fed.R.App.P. 44 that a constitutional issue exists in the appeal. Arnold, White and Durkee (1) opposes dismissal of its appeal and (2) moves for leave to intervene or to file an amicus curiae brief. Chrysler Corporation opposes Arnold, White and Durkee's motion to intervene or file an amicus brief.
 
 
 2
 With regard to the caption issue, American Motors Corporation did not file a notice of appeal. Thus, it is not and may not be designated a "defendant-appellant." However, if American Motors were a defendant in the district court case, it should be designated a defendant in the caption here and, if it wishes to enter an appearance, defendant-appellee. On the basis of the papers submitted, the status of American Motors is not clear. On the one hand, Kearns submits a copy of a February 16, 1990 order of the district court consolidating Chrysler and American Motors cases and specifically stating that the revised caption shall include both names. On the other hand, the district court's final judgment names only Chrysler in the caption and addresses only Chrysler in the opinion. Accordingly, we direct Chrysler to respond to this issue within 10 days.
 
 
 3
 With regard to dismissal of Arnold, White and Durkee's appeal, we note that the district court's docket sheet shows that the district court's judgment was entered on June 8, 1993. Arnold, White and Durkee's appeal was filed within 30 days of that date. However, Arnold, White and Durkee now informs the court that the matter it is pursuing here is ancillary to the merits and remains in the district court. Accordingly, Arnold, White and Durkee's appeal is properly dismissed.
 
 
 4
 With regard to Arnold, White and Durkee's motion for leave to file an amicus brief, we grant the motion. The district court requested that the firm assume the role of an amicus in the district court proceedings and lauded the firm's contributions to the case. This is a large, complex case and Kearns is proceeding pro se. Thus, Arnold, White and Durkee may file an amicus brief.
 
 
 5
 Kearns' Fed.R.App.P. 44 notice that the case involves a constitutional question is not appropriate. Rule 44 concerns only those cases where the "constitutionality of any act of Congress" is questioned. This is not such a case. The district court and the parties were concerned with the application of the law to the facts.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) Kearns' motion to recaption the case is held in abeyance. Chrysler is directed to respond to the caption issue within 10 days.
 
 
 8
 (2) Kearns' motion to dismiss Arnold, White and Durkee's appeal for untimeliness is denied. However, Arnold, White and Durkee's appeal is dismissed on other grounds.
 
 
 9
 (3) Arnold, White and Durkee's motion for leave to file a 50-page amicus brief is granted. Arnold, White and Durkee should conform to Kearns' briefing schedule.